UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES ILAR and KRISTI ILAR, | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:12-CV-304 *as consolidated* |
| | ) | *with No. 3:12-CV-424* |
| v. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| WELLS FARGO BANK, N.A., *et al.*, | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

These cases are before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Amend Complaint and File Amended Answer and Affirmative Defenses [Doc. 22]. Plaintiffs move the Court to permit them: (1) to "redraft some portions of the Complaint" to address the unavailability of a witness and (2) to add an additional factual allegation that "Defendants reached out to Plaintiffs[] for a loan modification, then Defendants put Plaintiffs into a situation where they were never able to cure any alleged default and forced Plaintiffs into foreclosure." [Id. at 2].[1] In support of their request, Plaintiffs state that they have been working diligently to gather the information needed to amend their pleading, and they cite the Court to Mortgage Elec. Regis. Sys., Inc. v. Ditto, No. E2012-02292-COA-R3-CV, 2014 WL 24439 (Tenn. Ct. App. Jan. 2, 2014), which they allege is relevant to the claims presented in this matter.

---

[1] In the title of their motion, Plaintiffs allude to amending their answer. The Plaintiffs do not develop this request, but it appears that the reference is meant as a request to amend their pleading in the related matter of Wells Fargo v. Ilar, 3:12-CV-424, in which Plaintiffs are the party defendants. Notably, the Plaintiffs have failed to identify or discuss any specific affirmative defenses that they seek to add to their pleadings. The Plaintiffs have filed the same motion in both cases, and thus, the Court's analysis herein applies equally to the Plaintiffs' request to amend pleadings, whether the pleading be a complaint or an answer.

Defendants respond in opposition. First, Defendants argue that Plaintiffs have not complied with Local Rule 15.1. Second, Defendants argue that the proposed modifications are untimely because the Plaintiffs entered into a loan modification in 2008, and they defaulted on their mortgage shortly thereafter. The foreclosure at issue was initiated in March 2009, and the foreclosure sale occurred on June 21, 2012. Defendants maintain that Plaintiffs have known about the facts they propose to add for years. Additionally, Defendants argue that permitting Plaintiffs to amend would be unduly prejudicial because the deadline for filing dispositive motions is March 3, 2014, and the Defendants have already prepared their dispositive motion. Finally, Defendants argue that the Ditto case would not impact the Court's ruling on Defendants' dispositive motion.

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Local Rule 15.1 imposes additional requirements, which are as follows:

> A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.

E.D. Tenn. L.R. 15.1.

In the instant case, the Court finds that Plaintiffs have not complied with Local Rule 15.1. The Court finds that the Motion to Amend is not well-taken, and may be denied on this basis alone. Specifically, the Court finds that the Plaintiffs' failure to comply with Local Rule 15.1 hinders the Court's ability to gauge the potential prejudice to the Defendants and whether justice

2

requires that the Plaintiffs be permitted to amend.

With regard to the timeliness of the request to amend, the Court finds that the Scheduling Order sets the deadline for a party to amend its pleadings at 120 days before trial. [See Doc. 16; see also Doc. 21 *nunc pro tunc* to July 31, 2013]. In this case trial is set for June 30, 2014, so the request is not beyond the deadline set in the Scheduling Order. Nonetheless, the Court finds that the majority of the allegations that Plaintiffs propose to add/modify have been known to them for at least five years and all of the proposed allegations have been known to them for at least eighteen months. Thus, the Court finds that proposing such amendments just over a week before dispositive motions are to be filed would inure undue prejudice to the Defendants, especially where the Defendants are asked to defend against proposed amendments without the ability to view a proposed pleading.

Finally, the undersigned is not persuaded that the Ditto would impact disposition of this case. Even if it may have an impact on briefing of the parties' dispositive motions, the Court finds that it is not a basis for permitting a general revision of pleadings.

Accordingly, the Court cannot find that justice requires permitting the Plaintiffs to amend. See Fed. R. Civ. P. 15.

Based upon the foregoing, the Court finds that Plaintiffs' Motion for Leave to Amend Complaint and File Amended Answer and Affirmative Defenses **[Doc. 22 in No. 3:12-CV-304; Doc. 13 in No. 3:12-CV-424]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge