UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES ILAR and KRISTI ILAR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:12-CV-304 *as consolidated* |
| ) | *with No. 3:12-CV-424* |
| v. ) | (REEVES/SHIRLEY) |
| ) | |
| WELLS FARGO BANK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

These cases are before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are three pretrial motions: Motion to Reconsider Plaintiffs' Motion for Leave to Amend Complaint; Motion for Protective Order and to Quash Notice of Deposition; and Motion for Extension of Time to File Motion to Compel and Dispositive Motions. The parties appeared before the undersigned on March 14, 2014, to address these motions and related discovery issues.

The Court has reviewed the parties' motions and heard their oral arguments. Having thoroughly considered the parties' positions, the Court finds that the motions before the Court are ripe for adjudication, and for the reasons more fully stated in the record, the motions are adjudicated as follows.

**A.** **Plaintiffs' Motion to Reconsider Plaintiffs' Motion for Leave to Amend Complaint**

On February 28, 2014, the undersigned entered a Memorandum and Order denying the Plaintiffs' Motion for Leave to Amend Complaint. The Court denied the Motion for Leave to

Amend Complaint because: the Plaintiffs had not complied with Local Rule 15.1; the majority of the allegations that Plaintiffs proposed to add had been known to them for between 18 months and five years; and the Plaintiffs' amendments, which were proposed just over a week before the deadline for filing dispositive motions, would prejudice the Defendants.

In their Motion to Reconsider, the Plaintiffs do not cite the Court to "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004). Instead, the Plaintiffs move the Court to reconsider its previous decision, because the Plaintiffs have now complied with Local Rule 15.1. The Plaintiffs do not address either the tardiness of the proposed amendments or the prejudice to the Defendants in their Motion to Reconsider.

Despite the Plaintiffs' failure to present new or changed circumstances, the Court will reconsider its previous ruling. Having reconsidered the ruling, the Court again finds that the request to amend is not well-taken. The Court recognizes that the Plaintiffs have now complied with Local Rule 15.1, but the Court finds that the basis for the proposed amendment was known to the Plaintiffs years ago. This case has been pending almost two years, it is set to proceed to trial in approximately 90 days, and the Defendants have filed a dispositive motion, the Court finds that permitting the Plaintiffs to revise their claims at this juncture would prejudice the Defendants. Moreover, the Court cannot say, under the circumstances, that justice requires the Court to permit the Plaintiffs to amend.

Accordingly, the Motion to Reconsider is **GRANTED**. The Court has reconsidered its previous decision, and the Court finds no basis for modifying its previous ruling. Thus, the Plaintiffs' request to amend their complaint is **DENIED**.

2

**B.     Defendants' Motion for Protective Order and to Quash Notice of Deposition**

In their Motion for Protective Order and to Quash Notice of Deposition, Defendants move the Court to quash a Notice of Deposition for March 20, 2014, which was filed on February 28, 2014. As grounds, Defendants represent that: (1) Defendants' counsel is not available on March 20, 2014; (2) the deposition should be conducted at U.S. Bank's principal place of business, not in Nashville, Tennessee; and (3) the areas of inquiry proposed in the Notice are deficient because Plaintiffs did not serve written discovery on U.S. Bank until February 28, 2014.

At the hearing on March 14, 2014, the Court addressed each of these issues with counsel. Specifically, the Court directed the parties to confer about the location of the deposition and to work together to tailor the areas of inquiry to the disputed issues in this case. Additionally, the Court directed the parties to work together to serve appropriate written discovery on U.S. Bank and to have U.S. Bank respond to such discovery as soon as it is able. The Court also directed the Defendants – specifically, U.S. Bank and Wells Fargo – to produce to the Plaintiffs: (1) a copy of Plaintiffs' payment history and (2) an amortization schedule. Finally, the Court directed U.S. Bank and/or Wells Fargo to present a Rule 30(b)(6) witness(es) who possess personal knowledge of the Plaintiffs' loan and of the trust through which ownership of the promissory note passed.

Counsel for the parties represented to the Court that they would work together in narrowing the scope of the proposed discovery and completing the relevant discovery. Based upon these representations, the Court found that it was not necessary to issue a ruling upon the Defendants' substantive objections to the Notice of Deposition. However, the Court found that that the Motion to Quash was well-taken, because Defendants' counsel is unavailable on March

20, 2014. Accordingly, the Motion to Quash is **GRANTED**, and the Notice of Deposition for a deposition on March 20, 2014, as filed February 28, 2014, is **QUASHED**.

C.  **Plaintiffs' Motion for Extension of Time to file Motion to Compel and Dispositive Motions**

Finally, the Plaintiffs move the Court to extend the deadlines for filing Motions to Compel and the Plaintiffs' deadline for filing dispositive motions. At the hearing, Plaintiffs could not describe a dispositive motion that they intended to file, and Plaintiffs' counsel acknowledged that he did not yet know if a motion to compel was needed. The Court found the Plaintiffs' request for relief from these deadlines to be unspecified and to be premature. With the trial of this case set for June 30, 2014, the Court found that it was not appropriate to grant such a vague and general request for relief. Accordingly, the Motion for Extension of Time is **DENIED WITHOUT PREJUDICE**.

The Plaintiffs may renew this request at a later time, if appropriate, and any future request shall include a specific showing of good cause as to why the extension is needed. Moreover, as the Court reminded the parties at the hearing, the parties are to comply with the discovery-dispute procedure outlined in the Scheduling Order [Doc. 16], prior to filing discovery-related motions.

D.  **Conclusion**

Based upon the foregoing and for the reasons more fully stated at the hearing:

1. The Motion to Reconsider is **GRANTED**, but the Plaintiffs' request to amend their complaint is **DENIED**;

2. The Motion to Quash is **GRANTED**, and the Notice of Deposition for a deposition on March 20, 2014 is **QUASHED**; and

3. The Motion for Extension of Time is **DENIED WITHOUT PREJUDICE**

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge