| | |
|---|---|
| JAMES ILAR and KRISTI ILAR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 3:12-CV-304-TAV-HBG |
| ) | *as consolidated with 3:12-CV-424* |
| v. ) | |
| ) | |
| WELLS FARGO BANK, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Leave to Withdraw, filed by Attorney John Higgins. On July 2, 2014, the Court entered an Order directing that Mr. Higgins, the Plaintiffs, and Attorney Jonathan A. Street appear before the undersigned on July 24, 2014, to address this motion. The Plaintiffs and Mr. Higgins appeared before the Court on July 24, 2014. Counsel for the Defendants was also present. Despite the Court's Order, Mr. Street failed to appear.[1]

At the hearing, the Court addressed the status of Plaintiffs' representation. As an initial matter, Mr. Higgins stated that Mr. Street had played a very minor role in this litigation. The Plaintiffs stated that they had never met Mr. Street. The Court inquired as to whether the relationship between Mr. Higgins and the Plaintiff was irretrievably broken. Specifically, the Court inquired as to whether the relationship could be salvaged, given the great deal of money invested in this suit by the Plaintiffs and the quickly-approaching trial date of September 9, 2014.

---

[1] Mr. Higgins indicated that Mr. Street did not know he was required to appear. The Court finds this representation either disingenuous or an incredible decision in the face of the Court's statements found in an unambiguous Order to the contrary.

After a lengthy discussion – including the Plaintiff's financial obligations to Mr. Higgins and the effect it has had on the attorney-client relationship – the Court determined that the relationship between Mr. Higgins and the Plaintiffs could not be salvaged. While the court is sympathetic toward the Plaintiffs, and particularly Mr. Ilar's medical condition, and while the Court is disappointed in Plaintiffs' counsel's decision to withdraw in the face of that situation and the status of this case and the extent of payments made to date, the Court finds that in light of all the facts that the relationship between the Plaintiffs and Mr. Higgins is such that it would not benefit either the Plaintiffs or Mr. Higgins for the relationship to continue.

Accordingly, the Motion to Withdraw is **GRANTED**. Mr. Higgins shall turn over his file to the Plaintiffs, and after doing so and complying with the Court's instructions below, both Mr. Higgins and Mr. Street are **RELIEVED** of their duties as counsel in this matter.

As of the entry of this Memorandum and Order, Plaintiffs James Ilar and Kristi Ilar are **DEEMED** to be proceeding *pro se*, unless and until they obtain a new attorney, and they are hereby **ADMONISHED** that they must stay up to date on the status of this case and comply with the deadlines set by the Court or deadlines agreed to by counsel on their behalf. Further, the Plaintiffs, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

The Clerk of Court **SHALL ENTER** the Plaintiffs' mailing address – 105 Dansworth Lane, Oak Ridge, Tennessee 37830 – to the docket and send all subsequent filings to them. Defense counsel shall copy the Plaintiffs on any filings with the Court. The Clerk of Court **SHALL MAIL** a copy of this Memorandum and Order to the Plaintiffs, and Mr. Higgins is **ORDERED** to mail copies of all documents filed in this case through CM/ECF since July 24, 2014, to the Plaintiffs *at no cost* to the Plaintiffs.

Finally, the Court would recommend that in light of the Plaintiffs' personal situation involving Mr. Ilar's health issues and this unexpected withdrawal, as well as recent filings and pleadings that the District Judge consider a reasonable continuance of the trial date and other deadlines in this case.

ENTER:

　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge