UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES ILAR, and KRISTI ILAR, )
)
    Plaintiffs, )
)
v. ) No. 3:12-CV-304-PLR-CCS
) No. 3:12-CV-424-PLR-CCS
WELLS FARGO BANK, N.A., et al., )    Consolidated
)
    Defendants. )

## MEMORANDUM AND ORDER

Plaintiffs filed Civil Action No. 3:12-CV-304 against defendants for wrongful foreclosure, alleging that "defendants are attempting to seize their property through fraud." Plaintiffs allege causes of action for declaratory judgment, unjust enrichment, and violation of the Fair Debt Collection Practices Act. This matter is before the court on defendants' motion for summary judgment [R. 27], to which plaintiffs have responded [R. 45]. Because plaintiffs' claims are barred by the applicable statutes of limitation, defendants' motion for summary judgment will be granted, and plaintiffs' action against defendants dismissed.[1]

---

[1] U.S. Bank requests that the court award it possession of the subject property, damages for unlawful detainer as provided by Tenn. Code Ann. § 29-18-120, plus interest, and any and all other relief it sought in the consolidated action. However, U.S. Bank has not filed a motion with supporting memorandum for the relief requested, so the court will not render an opinion on U.S. Bank's request for relief.

## I. Background

On July 21, 2005, plaintiff James Ilar signed a promissory note in favor of Mortgage Lenders. The note was endorsed from Mortgage Lenders to EMAX Financial Group. In an allonge, EMAX endorsed the note to Residential Funding Corporation, who then endorsed the note to U.S. Bank as trustee for the RASC Series 2005 EMX4 Trust. U.S. Bank transferred the note to Wells Fargo to hold on its behalf, and Wells Fargo currently possesses the original note.

The note was secured by a deed of trust on property located at 105 Dansworth Lane, Oak Ridge, Tennessee. Robert W. Wilson was named as the trustee for the Deed of Trust, and MERS was named as the nominee and beneficiary of the Deed of Trust. On June 29, 2011, MERS assigned the Deed of Trust to U.S. Bank. The assignment was recorded on July 11, 2011.

Mortgage Lenders was the original servicer of the mortgage, but later transferred the servicing rights to EMAX, retaining the sub-servicing rights. In September 2005, the servicing rights were transferred from EMAX to RFC, and the sub-servicing rights were transferred from Mortgage Lenders to HomeComings Financial, LLC. On March 1, 2007, the sub-servicing rights were transferred from HomeComings to Wells Fargo.

Plaintiffs were in default on their mortgage as of November 1, 2006. In 2008, plaintiffs entered into a loan modification agreement. The loan modification agreement was recorded on September 25, 2008. Plaintiffs defaulted on the loan modification in December 2008.

Wells Fargo first initiated foreclosure proceedings in March 2009. A foreclosure sale was conducted on June 21, 2012, and the property was sold to U.S. Bank as trustee. U.S. Bank filed a detainer action against plaintiffs that was removed to this court (Civil Action No. 3:12-CV-424) and consolidated with the instant action.

## II. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Co., Inc.,* 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250.

### III. Analysis

A. **Plaintiffs' Action for Declaratory Judgment is Barred by the Statute of Limitations**

Plaintiffs are seeking a declaratory judgment under the Tennessee Declaratory Judgment statute, Tenn. Code Ann. § 29-14-101, *et seq.* The statute does not contain a specific statute of limitations for declaratory judgment actions; therefore, it is necessary to ascertain the nature of the substantive claims sought to be asserted in the action in order to determine the appropriate statute of limitations. *See Deroff v. Attorney Gen.,* 564 S.W.2d 361, 363 (Tenn. 1978). Plaintiffs' declaratory judgment action is clearly predicated on the substantive claim of fraud. Their complaint states "Plaintiffs believe that defendants are attempting to seize their property through fraud . . . ."

Fraud claims that affect real or personal property are subject to a three-year statute of limitations. *See* Tenn. Code Ann. § 28-3-105 ("The following actions shall be

4

commenced within three (3) years from the accruing of the cause of action: (1) actions for injuries to personal or real property; (2) actions for the detention or conversion of personal property. . . ."). A cause of action accrues under the statute when a plaintiff "discovers, or in the exercise of reasonable care and diligence, should have discovered, his injury and the cause thereof." *City State Bank v. Dean Witter Rentals, Inc.,* 948 S.W.2d 729, 735 (Tenn.Ct.App. 1996). The statute is tolled only during that period of time when the plaintiff had no actual knowledge of the wrong and, as a reasonable person, was not placed on inquiry notice. *Id.* A plaintiff is not entitled to delay filing until all injurious effects or consequences of the actionable wrong are actually known. *Wyatt v. A-Best Co.,* 910 S.W.2d 851, 855 (Tenn. 1995).

Plaintiffs allege in their complaint that Wells Fargo "has falsely held itself out to the plaintiffs as servicer of the note" since March 1, 2007. Therefore, plaintiffs were placed on inquiry notice as of that date that Wells Fargo was the servicer of their mortgage. At the very latest, plaintiffs should have been placed on inquiry notice on March 12, 2009, when they allege that Wells Fargo informed them that it was initiating foreclosure proceedings. Using that date for the accrual of plaintiffs' cause of action, plaintiffs should have filed their declaratory judgment action on or before March 12, 2012. Plaintiffs did not file the instant action until June 25, 2012, clearly outside the three-year statute of limitations. A request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred. *Int'l Assn of Machinists and Aerospace Workers v. Tenn. Valley Auth.,* 108 F.3d 658, 668 (6th Cir. 1997).

5

Plaintiffs respond that their action is timely because they filed their complaint within one year of the foreclosure sale made by U.S. Bank , as trustee, to the RASC 2005 EMX4Trust. Plaintiffs allege that this sale took place on June 21, 2012. In further support of the timeliness of their claims, plaintiffs argue they only discovered that they had a cause of action after they had a complex forensic loan audit performed on their property in April of 2012. In addition, plaintiffs aver they are in need of discovery to fully respond to defendants' motion. The court finds plaintiffs' averments that they were unable to discover they had a cause of action until April 2012, without merit.

Plaintiffs, by their own admission in their First Amended Complaint, started dealing with Wells Fargo in March 2007. If plaintiffs had any question as to why Wells Fargo, and not Mortgage Lenders, was collecting their payments, then plaintiffs were placed on inquiry notice to investigate and confirm that Wells Fargo had authority to receive their mortgage payments. Moreover, plaintiffs certainly should have asked questions when Wells Fargo entered into a loan modification agreement with them in 2008, or when Wells Fargo initiated foreclosure in March 2009. Therefore, plaintiffs should have filed this action no later than March 2012 for the declaratory judgment claim. Instead, their complaint was filed on June 25, 2012, after the statute of limitations expired. The court finds plaintiffs' declaratory judgment action time-barred, and it is **DISMISSED.**

### B. Plaintiffs Cannot Maintain a Claim for Unjust Enrichment Because a Contract Exists

In Tennessee, unjust enrichment is applied in the absence of a contract. *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998). "Courts will impose a contractual obligation under an unjust enrichment theory when: (1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation." *Id.* Unjust enrichment applies when there is no contract, express or implied in fact, to prevent a party from keeping money that they justifiably should not keep. *Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009). As pointed out by defendants, there are at least three valid and enforceable contracts in this case – the note, Deed of Trust, and the 2008 Loan Modification Agreement.

Assuming, *arguendo*, that plaintiffs could assert an unjust enrichment claim, it would also be time-barred. There is no specific statute of limitations under Tennessee law for unjust enrichment. Therefore, courts determine the appropriate statute of limitations according the gravamen of the complaint. *Middle Tenn. Occupational and Environmental Med. Inc. v. First Health Group Corp.,* 2005 WL 3216282 at *4 (M.D.Tenn. 2005). As stated previously, plaintiffs assert a wrongful taking of their property – personal property in the form of mortgage payments that were paid and their real property in the form of losing their house in foreclosure. Therefore, the three-year statute of limitations found in Tenn. Code Ann. § 28-3-105 also applies to plaintiffs' unjust enrichment claim. For the reasons discussed in the previous section regarding

7

plaintiffs' declaratory judgment action, the court finds plaintiffs' claim for unjust enrichment time-barred, and it will be dismissed.

## C. Plaintiffs' Fair Debt Collection Practices Act Claim is Barred by the Statute of Limitations

The statute of limitations for bringing a claim alleging violation of the Fair Debt Collection Practices Act (FDCPA) is one year. "An action to enforce any liability created by this title may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). At the very latest, plaintiffs should have been placed on inquiry notice on March 12, 2009, when Wells Fargo informed them that it was initiating foreclosure proceedings. Plaintiffs were required to file their FDCPA claim on or before March 12, 2010. Their complaint filed June 25, 2012 is untimely. Therefore, the court finds plaintiffs' claim for violation of the FDCPA time-barred, and it will be dismissed.

## D. Plaintiffs Have Not Shown a Need for Discovery Under Rule 56(d)

Federal Rule of Civil Procedure 56(d) requires that the party "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Plaintiffs do not appear to contest that the appropriate statute of limitations for their declaratory judgment and unjust enrichment claims is three years, or that the statute of limitations for the FDCPA claim is one year. The legal issues regarding the statute of limitations do not require additional factual development. The record before the court contains sufficient evidence from which the court can determine the appropriate statute of limitations and whether plaintiffs timely

filed their complaint.  Accordingly, plaintiffs' request for additional discovery is **DENIED.**

### IV.  Conclusion

For the foregoing reasons, the court finds that plaintiffs' claims for declaratory judgment, unjust enrichment, and violation of the Fair Debt Collection Practices Act are time-barred.  Therefore, the court finds defendants are entitled to judgment as a matter of law on these claims.  Accordingly, defendants' motion for summary judgment [R 27] is **GRANTED**, and plaintiffs' claims against defendants are **DISMISSED**.

In light of the court's ruling on defendants' summary judgment motion, defendants' motion for involuntary dismissal [R. 66] is **DENIED AS MOOT.**

Defendants' motion in limine [R. 56], as well as the motion to strike [R. 61], are **DENIED AS MOOT.**

U.S. Bank's claims for possession of the subject property, damages for unlawful detainer, interest, attorney's fees, and costs, remain for trial which is scheduled for January 20, 2015.

Enter:

_____
**UNITED STATES DISTRICT JUDGE**

9

Case 3:12-cv-00304-PLR-CCS   Document 74   Filed 12/04/14   Page 9 of 9   PageID #: 1056